NUMBERS  13-01-00599-CR

                                                                       
13-01-00605-CR

 

                             COURT
OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                      CORPUS CHRISTI B
EDINBURG

 

DUSTIN REID JEFFERS,                                                       Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                       Appellee.

 

 

     On appeal from the
105th District Court of Kleberg County, Texas.

 

                                   O
P I N I O N

 

                  Before
Justices Dorsey, Hinojosa, and Rodriguez

                                 Opinion by
Justice Hinojosa

 








Pursuant to a plea
agreement, appellant, Dustin Reid Jeffers, pleaded:  (1) guilty in cause no. 13-01-00599-CR[1]
to the offense of burglary of a habitation with intent to commit theft, and (2)
guilty in cause no. 13-01-00605-CR[2]
to the offense of delivery of heroin. 
The trial court found him guilty of both offenses and, in accordance
with the plea agreement in each cause, assessed appellant=s punishment at eight
years imprisonment for each offense, suspended the orders of confinement, and
placed him on community supervision for a term of eight years.

The State subsequently
filed a motion in each cause to revoke appellant=s community supervision.  After hearing the motions, the trial court
found that appellant had violated his community supervision, revoked his
community supervision, and sentenced him to six years imprisonment in the
Institutional Division of the Texas Department of Criminal Justice for each
offense.  Appellant timely filed a pro
se notice of appeal.

Appellant's counsel has
filed a brief in each cause in which he has concluded that the appeals are
wholly frivolous and without merit.  The
briefs meet the requirements of Anders v. California, 386 U.S. 738
(1967), as they present a professional evaluation of why there are no arguable
grounds for advancing an appeal.  See Stafford v.
State,
813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (citing High v. State,
573 S.W.2d 807, 812 (Tex. Crim. App. 1978)). 
Appellant=s counsel certified in
the briefs that he has informed appellant of his right to review the appellate
records and to file pro se briefs. 
No such briefs have been filed.








We must first
determine whether this Court has jurisdiction to consider these appeals.  Because appellant appeals from judgments
rendered on guilty pleas made pursuant to plea bargain agreements, and the
punishment assessed by the trial court did not exceed the punishment
recommended by the prosecutor and agreed to by the defendant, we must consider
the threshold issue of whether appellant=s notices of
appeal are sufficient to confer jurisdiction on this Court.

The record
shows that appellant filed only general notices of appeal.  Because appellant=s notices of
appeal do not specify that the appeals are for jurisdictional defects, from
rulings on pre-trial motions, or that the trial court granted appellant
permission to appeal, they do not comply with the specific notice requirements
of Texas Rule of Appellate Procedure 25.2(b)(3).  See Tex.
R. App. P. 25.2(b)(3).

The Texas Court
of Criminal Appeals has held that when an appellant fails to comply with the
extra-notice requirements of rule 25.2(b), the court of appeals lacks
jurisdiction to consider the appeal, even for voluntariness issues.  See Cooper v. State, 45 S.W.3d 77, 83
(Tex. Crim. App. 2001) (holding that rule 25.2(b) does not permit the
voluntariness of a plea to be raised on appeal, unless the trial court has
granted permission for an appeal). 
Accordingly, we conclude that this Court does not have jurisdiction to
consider these appeals.

Upon receiving
a Afrivolous
appeal@ brief,
appellate courts must conduct Aa full
examination of all the proceeding[s] to decide whether the case is wholly
frivolous.@  Penson v. Ohio, 488 U.S. 75, 80
(1988).  We have carefully reviewed the
appellate record and counsel=s briefs, find
nothing in the record that might arguably support the appeals, and agree with
appellant=s counsel that
the appeals are wholly frivolous and without merit.  See Stafford, 813 S.W.2d at 511.








We dismiss both
of these appeals for want of jurisdiction.

 

FEDERICO G.
HINOJOSA

Justice

 

Do not publish.  Tex.
R. App. P. 47.3.

 

Opinion delivered and filed this the

15th day of August, 2002.











[1] Trial court cause no.
93-CRF-298-1.





[2]
Trial court cause no.
93-CRF-349.